**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NELSON R. LYNCH,

        Petitioner-Appellant,

v.

JANE STANDIFIRD, Warden,

        Respondent-Appellee.

No. 11-6142
(D.C. No. 5:11-CV-00158-HE)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Nelson R. Lynch, an Oklahoma prisoner proceeding pro se, seeks to appeal

the district court's dismissal of his application for a writ of habeas corpus as an

unauthorized second 28 U.S.C. § 2254 application. We deny a certificate of

appealability (COA) and dismiss this proceeding.

Mr. Lynch was sentenced to forty years of imprisonment for possession of

cocaine with intent to distribute after having been convicted of two or more

felonies. In 2006, he pursued relief from this conviction under § 2254.

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*See Lynch v. Jones*, 206 F. App'x 744, 745 (10th Cir. 2006) (denying a COA). In 2011, using the federal district court's form for habeas applications pursuant to 28 U.S.C. § 2241, he asserted that the state court committed plain error in enhancing his sentence under an invalid habitual offender provision. The district court concluded that the application attempted to assert unauthorized second or successive § 2254 claims, *see* 28 U.S.C. § 2244(b) (restricting second or successive applications under § 2254), and dismissed it for lack of jurisdiction, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The court later denied both a COA and leave to proceed on appeal without prepayment of costs and fees.

Mr. Lynch now seeks a COA from this court. To obtain one, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But this he cannot do.

Because Mr. Lynch attacked the validity of his habitual-offender sentence, rather than the manner in which the sentence is being executed, the district court correctly considered the application to be under § 2254 rather than § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a

conviction and sentence." (citation omitted)). And because the 2011 application was a second attempt to bring § 2254 claims challenging this sentence, under § 2244(b)(3) this court had to authorize the application before it could proceed in district court. No reasonable jurist could debate any of these issues.

When presented with an unauthorized second or successive claim, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . petition for lack of jurisdiction." *Cline*, 531 F.3d at 1252. The district court concluded that it would not be in the interest of justice to transfer Mr. Lynch's application because it did not demonstrate that he could meet the requirements for filing a second § 2254 application. *See* 28 U.S.C. § 2244(b)(2) (providing that a second or successive § 2254 application can proceed only if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or new evidence of actual innocence of the underlying offense). No reasonable jurist could debate this issue either.

Accordingly, we DENY a COA and DISMISS this matter. We also DENY Mr. Lynch's motion to proceed on appeal without prepayment of costs or fees. The district court explained to Mr. Lynch that it could not consider his merits arguments unless and until he meets the requirements of 28 U.S.C. § 2244(b). But rather than attempting to confront the issues arising from § 2244(b) and the fact that the 2011 habeas application was a second attempt to challenge his

sentence under § 2254, Mr. Lynch again reargues the merits of his underlying claims of sentencing error.  Therefore, he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised" in this proceeding.  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk